IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kristen Miles Anderson, | ) | |
| | ) | Civil Action No. 8:12-3203-TMC-KDW |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| The United States of America; Richard | ) | **OPINION & ORDER** |
| Kerns, a/k/a Rick Kerns, a/k/a Rick | ) | |
| Kearns; Gregory Johnson, Special Agent, | ) | |
| U.S. Secret Service; Thomas Griffin, Jr., | ) | |
| Special Agent, U.S. Secret Service; Mark | ) | |
| J. Sullivan, Director, U.S. Secret Service; | ) | |
| Secretary Janet Napolitano, Department | ) | |
| of Homeland Security; and others as yet | ) | |
| unknown, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Kristen Miles Anderson ("Anderson"), brings this action against Richard Kerns ("Kerns"); federal defendants the United States of America ("United States"), United States Secret Service ("USSS") Special Agents Gregory Johnson and Thomas Griffin, Jr., USSS Director Mark J. Sullivan, Department of Homeland Security Secretary Janet Napolitano (collectively, the "Federal Defendants"); and others as yet unknown, alleging various constitutional violations and state tort causes of action. The Federal Defendants have moved to dismiss Anderson's amended complaint[1] (ECF No. 52) and Anderson has responded to that

---

[1] The Federal Defendants' motion is styled as a "Motion to Dismiss, or in the alternative, for Summary Judgment." (*See* ECF No. 52.) However, the Federal Defendants brought the motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* ECF No. 52 at 1.) In addition, the Report construed the motion as one to dismiss Anderson's claims and not for summary judgment (*see* ECF No. 73 at 2-4, 33 n.20) and the Federal Defendants did not object to that construction. Thus, this court also construes the Federal Defendants' motion as one to dismiss Anderson's claims pursuant to Rule 12 and not one for summary judgment.

1

motion (ECF No. 60).[2]   Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling.  This case is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending the court grant the Federal Defendants' motion in part and deny it in part. (ECF No. 73.)  The Federal Defendants object to certain portions of the Report.  (ECF No. 75.)

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects.  *See* 28 U.S.C. § 636(b)(1).  Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge.  *See id.*

## I. Background

In her amended complaint, Anderson alleges that Kerns, a former USSS agent, initiated a series of inappropriate contacts with her after he was assigned to her case, ending in alleged sexual abuse at the USSS Greenville office and that the USSS did not properly advise her of her *Miranda* rights or timely present her case to a magistrate judge or file a complaint.  Anderson asserts that the USSS's failures left her without an attorney and vulnerable to Kerns's advances.  In addition to the claims she brings against Kerns, Anderson alleges that the United States is liable under the Federal Tort Claims Act ("FTCA") for malicious prosecution; intentional infliction of emotional distress; negligent selection, supervision, and retention; and common law

---

[2] The motion under consideration was filed by all named defendants except Kerns.  Kerns is no longer employed by the USSS and is represented separately.  Accordingly, this order offers no opinion as to any claim or defense regarding Kerns.

conspiracy[3] ("Count III"), that the Federal Defendants, other than the USA, are liable for intentional infliction of emotional distress ("Count VI") and negligent infliction of emotional distress ("Count VII"), and that the Federal Defendants are liable in negligence ("Count IX").[4]

The Report recommends allowing Anderson's FTCA (Count III) and negligence (Count IX) claims to go forward against the United States, and dismissing Anderson's intentional (Count VI) and negligent (Count VII) infliction of emotional distress claims. The Federal Defendants object to the Report's recommendation regarding Counts III and IX. Specifically, the Federal Defendants assert that they are not vicariously liable by law, Anderson fails to state a claim for supervisory liability and malicious prosecution, and the other tort claims are redundant of Count III.

## II. Legal Standard

Under the federal rules, each pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim should be dismissed when the complaint fails to allege facts upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). And,

---

[3] In addition, Anderson alleges a separate conspiracy cause of action against the individual Federal Defendants pursuant to *Bivens* and 42 U.S.C. § 1983 ("Count V").

[4] Anderson also alleges claims under 42 U.S.C. § 1983 and *Bivens*. But, neither party objected to the portions of the Report addressing those claims. Accordingly, the court adopts the Report's analysis of and recommendation regarding those causes of action.

for a claim to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

### III.  Discussion

**a.  FTCA Claims**

The FTCA waives sovereign immunity and imposes tort liability on the United States "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  Thus, the court must analyze Anderson's FTCA claims under South Carolina law.  *See* 28 U.S.C. § 1346(b)(1).  In Count III, Anderson alleges that the United States, if a private individual, would be liable to her for malicious prosecution; intentional infliction of emotional distress; negligent selection, supervision, and retention of employees; and common law conspiracy because of the acts and omissions of its employees.

**1.  Vicarious Liability**

The United States asserts that it is not vicariously liable under the FTCA for Kerns's tortious actions because Kerns was acting outside the scope of his employment[5] and objects to the Report's recommendation to deny its motion to dismiss on this issue because there is no disputed issue of material fact that Anderson could uncover during discovery that would support her claim and because the Report failed to distinguish *Gainey v. Kingston Plantation*, Civil Action No. 4:06-3373-RBH, 2008 WL 706916 (D.S.C. March 14, 2008).  Here, the court agrees with the Report.  Whether Kerny was acting within the scope of his employment is an issue for the factfinder.  Anderson has pled enough facts to state a plausible claim for relief and, therefore,

---

[5] Notably, the United States does not address its potential liability for its other employees against whom Anderson has alleged facts supporting the tort claims alleged in Count III.  Instead, the United States and the Report both focus on potential liability for Kerns's conduct.

4

survive this motion to dismiss. The United States is welcome to revisit this issue on summary judgment, when the issue of genuinely disputed material facts is properly before the court.

On the same note, *Gainey* is easily distinguishable because the court decided it on a motion for summary judgment and a more developed record, including affidavits and deposition testimony. Accordingly, Anderson's FTCA claim passes this hurdle.

**2. Supervisory Liability**

Next, the United States objects to the Report's finding that Anderson has pled sufficient facts to raise a plausible claim for negligent supervision. Specifically, the United States asserts that Anderson has alleged facts showing that Kerns's supervisors had constructive knowledge of his conduct.

In South Carolina, an employer may be liable for negligent supervision when an employee intentionally harms another and (1) the employee is on the premises of the employer or using a chattel of the employer, (2) the employer knows or has reason to know of the ability to control the employee, and (3) the employer knows or should know of the necessity and opportunity for exercising control. *See Degenhart v. Knights of Columbus*, 309 S.C. 114, 115, 420 S.E.2d 495, 496 (1992).

In her amended complaint, Anderson asserts that the individual Federal Defendants had actual or constructive notice that their alleged policies would likely result in a substantial risk of harm to female arrestees generally, and Anderson specifically, and that Kerns's supervisors knew or should have known of Kerns's reputation for alcohol consumption and womanizing. (Am. Compl,. ECF No. 37 ¶¶ 26, 27, 31, 35, 42, 80, 81). The court agrees with the Report that these claims combined with the factual allegations discussed in the Report are enough to state a plausible claim for negligent supervision.

### 3.  Malicious Prosecution, Intentional Infliction of Emotional Distress, & Common Law Conspiracy

The United States asserts that Anderson has also failed to state sufficient facts to support her FTCA claims for malicious prosecution, intentional infliction of emotional distress, and common law conspiracy.

To recover for malicious prosecution, a plaintiff must show (1) the institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the instance of, the defendant; (3) termination of such proceedings in the plaintiff's favor; (4) the defendant's malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage.  *See Jordan v. Deese*, 317 S.C. 260, 452 S.E.2d 838 (1995).

Here, the court agrees with the Federal Defendants.  The only proceeding referenced in the complaint is the criminal prosecution for embezzlement of bank funds, which Anderson does not allege was terminated in her favor.  Accordingly, Anderson has failed to state a claim for malicious prosecution.

To recover for intentional infliction of emotional distress, a plaintiff must establish that: (1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community; (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable man could be expected to endure it.  *See State Farm Fire & Cas. Co. v. Barrett*, 340 S.C. 1, 530 S.E.2d 132 (Ct. App. 2000).

The Report recommends granting the defendants' motion on Anderson's independent intentional infliction of emotional distress claim against the individual Federal Defendants (Count VI), but recommends allowing the claim against the United States to go forward. The United States argues that the same result should apply to Count III and Count VI. The court agrees with the Report. Although Anderson has failed to adequately support her intentional infliction of emotional distress claim against the Federal Defendants, the court has not decided the adequacy of her claim against Kerns and has not yet been asked to do so. Accordingly, because there is no motion to dismiss the claim against Kerns before this court and the court has decided that the United States may be liable for the torts of its employees, the FTCA intentional infliction of emotional distress claim may proceed. However, the United States can only be liable for Kerns's actions, not those of the individual Federal Defendants regarding this claim. This result is in accord with the Report's recommendation to dismiss the Federal Defendants from Count VI, and allow that claim to proceed against Kerns alone.

The United States advances the same argument regarding Anderson's claim for civil conspiracy. In addition to her FTCA claim for conspiracy in Count III, Anderson asserts a claim for civil conspiracy pursuant to § 1983 and *Bivens* (Count V). The Report recommends dismissing Count V because Anderson fails to plead sufficient facts to meet the heavy burden applicable under § 1983.

A conspiracy claim brought pursuant to § 1983 requires evidence that the defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy [that] resulted in deprivation of a constitutional right." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). But, a common law civil conspiracy claim requires the plaintiff to show only: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, (3) which

causes special damages. *See Lawson v. S.C. Dept. of Corrections*, 340 S.C. 346, 352, 532 S.E.2d 259, 261 (2000). Thus, Anderson's failure to adequately allege a constitutional violation does not defeat her common law civil conspiracy claim.

However, Anderson has also failed to allege special damages. A successful common law conspiracy claim must allege damages that occurred as a result of the conspiracy in addition to any alleged as a result of other claims. *See Pye v. Estate of Fox*, 369 S.C. 555, 633 S.E.2d 505 (2006) (damages alleged in civil conspiracy claim must go beyond those alleged in other causes of action). The court does not read Anderson's amended complaint to seek claim damages directly resulting from the alleged conspiracy. Accordingly, the Federal Defendants' motion should be granted as to Anderson's FTCA civil conspiracy claim.

In sum, Count III is dismissed with regard to intentional infliction of emotional distress as alleged against the individual Federal Defendants, malicious prosecution, and common law conspiracy. So, Count III now consists of an FTCA claim against the United States for liability for its employees' negligent selection, supervision, and retention and for Kerns's alleged intentional infliction of emotional distress.

**b. Negligence**

The Federal Defendants assert that the court should dismiss Count IX because it is duplicative of Anderson's FTCA supervisory liability claim. Count IX is an independent negligence claim against all of the Federal Defendants. While it is based on substantially the same factual allegations as the supervisor liability claim, it is a separate cause of action with separate elements which the court finds Anderson has successfully pled. However, Anderson's only path to relief for negligence in this action is through the FTCA. Accordingly, Count IX is

8

dismissed as to the individual Federal Defendants, but may proceed against the United States under the FTCA.

## IV. Conclusion

After a thorough review of the Report and the record in this case, the court agrees with the Report's recommended disposition, in part and incorporates those parts herein. Specifically, the court decides as follows:

1. Federal Defendants' motion to dismiss is granted as to Counts I and II;

2. Federal Defendants' motion to dismiss is granted in part and denied in part as to Count III as discussed above, in particular, the motion is granted as to Anderson's FTCA claims for malicious prosecution, conspiracy, and intentional infliction of emotional distress resulting from the individual Federal Defendants' conduct and denied as to supervisory liability and intentional infliction of emotional distress resulting from Kerns's conduct;

3. Federal Defendants' motion to dismiss is granted as to Count V;

4. Federal Defendants' motion to dismiss is granted as to Counts VI and VII, however, these counts remain against Kerns; and

5. Federal Defendants' motion to dismiss is granted in part and denied in part as to Count IX – the motion is granted as to the individual Federal Defendants, but denied as to the United States.

Accordingly, the Federal Defendants' motion to dismiss (ECF No. 52) is granted in part and denied in part.

**IT IS SO ORDERED.**

                                               s/Timothy M. Cain
                                               United States District Judge

Anderson, South Carolina
March 26, 2014