UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kristen Miles Anderson, | ) | C/A No. 8:12-3203-TMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| The United States of America, and Richard | ) | |
| Kerns, *also known as* Rick Kerns, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Plaintiff's Motion for Leave to Extend Discovery Period and All Current and Past Scheduled Dates/Including Trial Date, ECF No. 110 ("Motion to Extend"); and Plaintiff's Motion to Compel Production of Defendant Kerns' Personal and Official Cell Phones and Secret-Service Issued Laptop, ECF No. 117 ("Motion to Compel Devices"). Defendant Kerns and Defendant United States of America ("U.S." or "Government") filed opposition to the Motion to Extend, ECF Nos. 116, 121, and 122; the Government filed a response to the Motion to Compel, ECF No. 124. The undersigned conducted oral argument on both motions on March 12, 2015.[1] Having considered the parties' briefing and argument, Plaintiff's Motion to Extend, ECF No. 110, is *granted in part and denied in part,*[2] and Plaintiff's Motion to Compel, ECF No. 124, is *denied*.

**I.    Plaintiff's Motion to Extend, ECF No. 110**

This case was filed in late 2012. After several scheduling conferences with counsel for all parties, the undersigned extended scheduling deadlines pending a ruling on the Government's

---

[1] Over the weekend following the hearing, Plaintiff filed a "Supplemental Filing" related to the Motion to Compel. ECF No. 129.

[2] The court will issue a Fourth and Final Scheduling Order including all pretrial scheduling deadlines discussed within.

Motion to Dismiss. *See* ECF No. 69. On March 26, 2014, United States District Judge Timothy M. Cain issued an order granting in part and denying in part that dispositive motion. ECF No. 84. On April 10, 2014, the court issued an Amended Conference and Scheduling Order ("ASO"), ECF No. 89, which contained, *inter alia*, a July 24, 2014 deadline for Plaintiff to file and serve expert disclosures, as follows:

> 5. Plaintiff shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **July 24, 2014** (Fed. R. Civ. P. 26(a)(2)).[6]

> [6] Concurrent with the identification of each expert and subject matter, each party shall serve (but not file): 1) a complete copy of the most current curriculum vitae of each expert or a detailed summary of his qualifications to testify on each identified subject; 2) (a) a complete statement of all opinions to be expressed by each expert and the basis and reasons therefor; (b) the data and other information considered by the expert in forming the opinions, (c) any exhibits to be used as a summary of or support for the opinions, and (d) citations of any treatise, text or other authority upon which each expert especially relied; and 3) a copy of each expert's report if a report has been prepared.

ASO, ECF No. 89. Defendants were to file and serve their expert disclosures by August 25, 2014, and the ASO contained similar detail regarding the requirements of such disclosures. *Id.* The ASO also included deadlines for submitting affidavits of records custodians (August 25, 2014), completing discovery (September 24, 2014), completing mediation, (October 1, 2014), filing dispositive motions (October 8, 2014), exchanging Federal Rule of Civil Procedure 26(a)(3) pretrial disclosures (January 2, 2015), and a date on or after which the matter was subject to being called for jury selection and trial (February 3, 3015). *Id.* Notably, the ASO's language regarding the September 24, 2014 discovery deadline provided:

> 8. Discovery shall be completed no later than September 24, 2014. Discovery shall be deemed completed within this time only if discovery is initiated at such time as to afford the responding party the full time provided under the applicable

rule of the Federal Rules of Civil Procedure in which to respond prior to the discovery completion date noted in this paragraph.
**(The parties may, with the consent of all counsel, conduct discovery up to the time of trial, provided the deadlines in this Order are not affected.)**

ASO, ECF No. 89.

In October 2014, after the expert-disclosure and discovery deadlines had passed, Plaintiff, with the consent of Defendants, filed a Motion to Amend the ASO. This motion did not reference any of the expired deadlines, seeking to extend the unexpired deadlines for mediation, dispositive motions, pretrial disclosures, and trial only. ECF No. 99. The court granted this consent motion and entered the Second Amended Scheduling Order (2d ASO) on October 2, 2014. ECF No. 101. The 2d ASO contained deadlines for mediation (January 16, 2015) and dispositive motions (January 23, 2015), as well as an on-or-after trial date (April 16, 2015). *Id.*

On December 23, 2014, Plaintiff, again with the consent of Defendants, filed another motion to extend the mediation, dispositive motions, and trial deadlines. ECF No. 105. The court granted the consent motion and entered the Third Amended Scheduling Order (3d ASO) on December 29, 2014. ECF No. 107. The 3d ASO, which remained the operative scheduling order at the time Plaintiff filed the instant Motion to Extend, contains the following deadlines: mediation to be completed by February 13, 2015; motions to be filed by February 20, 2015, and the matter subject to being called for jury selection and trial on or after May 11, 2015. (The 3d ASO also contains some trial-related deadlines that are tied to the trial date.)

In Plaintiff's Motion to Extend, he seeks to extend the already expired deadlines for expert disclosures and discovery and the still-pending deadlines for filing dispositive motions and for trial "by 90 days." ECF No. 110.[3] Plaintiff explains the additional time for expert

---

[3] Although the mediation deadline of February 13, 2015 was still pending when the Motion to Extend was filed, Plaintiff notes that one mediation has taken place and that mediation after the court's ruling on dispositive motions may be more fruitful. At this juncture, the court will not set

disclosures is needed as "there has been some confusion between the parties due to different interpretations of certain deadlines, specifically notice of expert witnesses." ECF No. 110 at 11.

The court considers first Plaintiff's request to extend the already expired deadlines for expert disclosures and completion of discovery. *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); *see also Smith v. Reynolds Transp. Co.*, 3:11-cv-2728-CMC, 2013 WL 247714, at n.3 (D.S.C. Jan. 23, 2013) ("The court frequently grants extensions of unexpired scheduling order deadlines . . . . In contrast, this court normally will not extend an expired deadline absent consent of the parties or a showing of good cause.").

Plaintiff argues that, if the court believes the deadline for seeking extensions has passed, she has satisfied the excusable neglect standard applicable to extending expired deadlines. ECF No. 110 at 12-14. Fed. R. Civ. P. 6(b)(1)(B). Plaintiff cites the factors to be considered: prejudice to the nonmoving party; length and reason for delay and impact on judicial proceedings; and whether movant acted in good faith, ECF No. 110 at 12 (citing *Colony Apts. v. Abacus Proj. Mgmt.*, 197 F. App'x 217, 223 (4th Cir. 2006)). Plaintiff's counsel submits that the reason for the delay is the most important factor, and cites the 13 months parties waited for the court to rule on the Government's dispositive motion and the time Plaintiff's counsel was "unavailable" because of another trial as satisfying the excusable neglect. Counsel argues there would be "little or no prejudice" to Defendants, and that it could even assist the Government with time for filing another dispositive motion, and "should have little impact or bearing" on court proceedings.

a new mediation deadline, but may order mediation resume upon the court's ruling on any dispositive motion that is filed.

Finally, Plaintiff submits she is acting in good faith and does not seek this extension for purposes of delay. ECF No. 110 at 12-13.

A.  Expert-Disclosure Deadlines

As Plaintiff's counsel explained during argument on this Motion, the confusion on Plaintiff's part regarding when the expert disclosures were due derives from the counsels' agreement amongst themselves to extend the discovery deadline, as the ASO permitted them to do. Further, Plaintiff's counsel explained he could not have disclosed experts' names and provided reports as required by the disclosure rules until after receiving all discovery from opposing parties. Plaintiff's pro hac vice counsel advised the court it was "highly unusual" to ever require expert disclosures and reports *before* the discovery period had ended. He was incredulous as to how that could be possible. The clearly worded requirement in the ASO containing expert disclosure deadlines notwithstanding, Plaintiff's counsel explained he had disclosed the names of his two putative experts, as well as the C.V. for one of them, in a February 9, 2015 email to counsel, which he did to satisfy the general 90-days-prior-to-trial expert disclosure deadline found in Federal Rule of Civil Procedure 26(a)(2)(D)(i). Plaintiff's counsel explained that his first understanding that Defendants would seek to enforce the July 24, 2014 expert-disclosure deadline came when counsel for the Government advised of her objection to Plaintiff's late naming of experts.

In response, defense counsel agreed with Plaintiff's characterization of the general relationship with Plaintiff's counsel as being cordial and accommodating regarding discovery matters. Nonetheless, counsel for Kerns and the Government oppose the post hoc amendment of the expert and discovery deadlines, noting the deadline had expired seven months prior to Plaintiff's first communication naming experts. Further, counsel noted that, at the time of the

hearing, no report has been provided as to either expert. Counsel for both Defendants argue they would be prejudiced by the further delay and costs associated with deposing Plaintiff's belatedly named experts and retaining their own responsive experts. *See* ECF Nos. 116, 121, 122.

The materials provided to the court prior to the hearing include the February 9, 2015 email from Plaintiff's counsel to defense counsel "pursuant to our notice requirements" advising Plaintiff's expert witnesses would be Dr. Tim Maher and "Dr. Maddox," a psychiatrist from Anderson, South Carolina. ECF No. 121-1. The email did not include written reports as required by Rule 26 (and the ASO). Included with the email was an attached C.V. of Dr. Maher and the following summary of his opinions: "[Dr. Maher] will testify about sexual misconduct in law enforcement and how agent [K]erns utilized his official position and power to sexually assault the defendant he arrested and investigated in an official secret service investigation." *Id.* The same email indicates Plaintiff also "intend[s] to present" Dr. Maddox, whose C.V. "will be forthcoming." *Id.* Plaintiff's counsel further indicated he "[would] supplement our notice to you as necessary." *Id.* Several days later, on February 17, 2015, Plaintiff's counsel provided a C.V. for "Plaintiff's expert witness, Donna Marie Schwartz-Watts, MD." ECF No. 121-2. The court is unsure who Dr. Schwartz-Watts is. No party has mentioned why the C.V. of someone other than Dr. Maddox was provided on February 17, 2015. In any event, during the hearing, Plaintiff's counsel advised that, on March 3, 2015, Dr. Maddox had contacted counsel to advise she had a conflict with acting as an expert in this matter and would need to withdraw herself as an expert witness. Counsel advised that they had recently been able to obtain another expert to take Dr. Maddox's place. Counsel explained that the psychiatrist witness was necessary to provide testimony quantifying Plaintiff's damages. Nothing has been provided to the court with the name of the potential new damages witness, although the name mentioned at the hearing was Dr.

Amanda Sallas (phonetic spelling). Defense counsel indicated they had not been advised of this change prior to the hearing.  Plaintiff's counsel assured the court that, if permitted to use the experts named, it could provide the report of the damages expert "in April," which would give that expert time to meet with Plaintiff and to prepare her report. Plaintiff's counsel advised that, other than reviewing additional documents provided on February 2, 2015, Dr. Maher's report could be provided in short order, as his report would be "pretty much what it is like in his CV."

Having considered the briefs and arguments of the parties, the court determines it is appropriate to grant this portion of Plaintiff's Motion only in part. This matter has been pending since late 2012. It is true that deadlines were put on hold while the court thoroughly considered the Government's dispositive motion. Shortly after that decision was issued, however, the court issued the April 10, 2014 ASO, which gave Plaintiff until July 24, 2014 to submit expert disclosures and gave the parties until September 24, 2014 to complete discovery. The fact remains that *no extensions of either of these deadlines was ever sought until the instant motion was filed February 21, 2015.* A scheduling order is not a "'frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). As this court has noted, "'[t]he use of discovery closure dates and deadlines for disclosure of experts are important tools for case management.'" *Boling ex rel. Boling v. Mohawk Indus., Inc.*, No. CA 3:09-46-JFA, 2010 WL 9944254, at *2 (D.S.C. Mar. 19, 2010) (quoting *Serrano–Perey v. F.M.C. Corp.,* 985 F.2d 625, 628 (1st Cir.1993)). "When counsel chooses to flaunt the deadlines imposed by an order of this court, the Federal Rules of Civil Procedure, or the Local Civil Rules, he does so at his peril." *Id.*

Further, when Plaintiff did identify her two purported experts, she did not comply with the plain requirement of Federal Rule of Civil Procedure 26(a)(2)(B), which sets forth the following detail regarding what must be provided when disclosing an expert:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
> **(ii)** the facts or data considered by the witness in forming them;
> **(iii)** any exhibits that will be used to summarize or support them;
> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
> **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Further, as set out above, ASO provided detailed instruction regarding the expert disclosures and what was to be provided to the parties and to the court.

The court finds Plaintiff has not demonstrated sufficient good cause and excusable neglect for the delayed naming of Dr. Maher, the expert who was to testify regarding the "use of power" by Defendant Kerns. Plaintiff brought this suit in 2012. Plaintiff's theory of the case has long been about the actions of Kerns and the actions or inactions of Kerns' superiors regarding his behavior. As explained by Plaintiff's counsel, Dr. Maher's report in this case could be provided quickly because it would, in large part, mirror a report he had already completed at the request of the United States Department of Justice. To have ignored[4] the clear directive of the court's ASO, while asking to have later deadlines extended twice, does not amount to excusable

---

[4] The finding that Plaintiff's counsel ignored scheduling deadlines is not a finding that counsel acted in bad faith and should not be construed as such.

neglect. Further, at this late stage of this already protracted litigation, the court finds there would be undue prejudice to Defendants and the potential impact on these judicial proceedings is great.

The court reaches a different conclusion as to Plaintiff's naming of her damages witness. Although the same deadline applied to the naming of that witness, the court finds the naming of a damages expert does not prejudice Defendants in the same manner as the liability-related expert's opinion could. It is unsurprising to the court, and cannot be surprising to Defendants, that Plaintiff's case would include the testimony of a damages expert. Counsel for Kerns conceded as much at the hearing. Further, even if the damages expert had been identified in a timely manner, it is conceivable that she might have identified a conflict at a later date. The court further notes that, given the recent situation requiring the damages expert to withdraw because of a conflict, Plaintiff's counsel has acted very quickly to obtain a replacement expert.

Accordingly, Plaintiff must provide the full name and C.V. of her purported damages witness to opposing counsel no later than **March 20, 2015**. The detailed expert disclosure as to this expert must be filed no later than **April 17, 2015**. A portion of that disclosure must certify that a detailed report of the expert has been provided to opposing counsel. Note that the full expert report of this expert, including *all* information contemplated by Federal Rule of Civil Procedure 26(a)(2) is to be served upon the opposing parties as of **April 17, 2015**. The report itself is not to be filed with the court. This deadline will not be extended, and service of anything less than the full report contemplated by the Rules may result in having the entire testimony of this witness excluded. *See* 4th ASO.

B.  Discovery Deadline

The court now considers Plaintiff's requested extension of the discovery deadline. Plaintiff explains the additional time for discovery is needed because, although counsel began

seeking documents from the Government in "approximately July 2014," the Government's counsel "has failed to turn over significant and relevant production of materials which places the plaintiff in an unjust and unbalanced position to that of the government in presenting evidence and proving its case." ECF No. 110 at 7.[5] Plaintiff also seeks additional time for discovery in order to take several additional depositions, including that of Defendant Kerns.

As with the expert-disclosure deadline, the discovery deadline (of September 24, 2014) was contained in the ASO and was never extended. Both parties had agreed, however, to continue to conduct discovery outside that deadline based on the ASO's permission to do so provided none of the court's deadlines were impacted. All counsel agree that discovery continued beyond the discovery deadline in part because the Government advised Plaintiff it would produce documents subject to a confidentiality order and that the confidentiality order was submitted by the Government with Plaintiff's consent on November 12, 2014. The record also includes a January 26, 2015 letter from the Government's counsel to Plaintiff's counsel forwarding a supplemental production and providing detailed information in apparent response to concerns Plaintiff's counsel had raised about the sufficiency of a prior production. ECF No. 121-4.

Defendants agree that the parties had agreed to complete discovery beyond the September 2014 deadline subsequent to the filing of the Confidentiality Order. They further agree that all counsel continue to be accommodating as to completing certain depositions that counsel detailed at the hearing on this Motion. Defendants object, however, to Plaintiff's request that a new discovery deadline be established that would permit new discovery.

---

[5] Plaintiff attaches a general list of items she has yet to receive in discovery. ECF No. 110-1. However, the Motion to Extend is not a proper motion to compel and will not be considered as one.

Having considered the parties' arguments, the court denies Plaintiff's request to obtain a new discovery deadline. The September 2014 deadline in the ASO was plainly set forth. Plaintiff sought and obtained two extensions to later deadlines, but never requested that the court revisit the discovery deadline until some five months later. The only discovery to be completed is that already agreed to by counsel and the depositions of the damages experts.

C. Remaining Deadlines

Based on the above ruling regarding the naming of experts, the court finds brief extensions of the as-yet unexpired deadlines to be appropriate. As detailed in the Fourth Amended Scheduling Order filed contemporaneously with this Order, the dispositive motions deadline is now July 10, 2015, and October 5, 2015 is the revised deadline on-or-after-which the matter may be called for jury selection or trial.

## II. Plaintiff's Motion to Compel Production of Kerns' Personal and Official Cell Phone and Secret Service Issued Lap Top, ECF No. 117 (filed 2/23/15)

In her Motion to Compel under consideration, Plaintiff seeks an order requiring "the defendants/government to produce for inspection, copying, review and analysis defendant Kerns' cell phone, both personal and official, along with his issued laptop computer." ECF No. 117 at 1.

Plaintiff submits that, despite having served "numerous preservation letters" on the Government and its counsel, advising them of the need to preserve Kerns' phone, Blackberry, and laptop computer for inspection, the Government "knowingly and willingly removed said items from the District and sent them back to Washington, DC without any notice to headquarters requesting said items for litigation/evidentiary purposes." ECF No. 117 at 1-2. Plaintiff's counsel indicated that he conferred with opposing counsel in an attempt to obtain the items "on several occasions in requests for production." ECF No. 117 at 2. Counsel states that "(Note: most recently during a conversation with appointed mediator concerning spoliation

issues specifically regarding data from the phone and laptop computer of Mr. Kerns; the mediator, after speaking with opposing counsel, specifically informed plaintiff's counsel that the government was not concerned about spoliation issues and they in fact maintained said items). Said requests have not been complied with despite government's notice and requests." *Id.* at 3.

In response, the Government attaches a copy of the only set of requests for production ("RFPs") Plaintiff has served, noting nothing in the RFPs seek to inspect or request production of of Kerns' cellphones or laptop. ECF Nos. 124, 124-1 (copy of Pl.'s RFPs). The Government indicates it has provided documents responsive to the RFPs that were issued, some of which include information about or from Kerns' government-issued phone and government email account. *See* ECF Nos. 124-3 (29 pages of phone records), 124-4 (six responsive emails produced to Plaintiff). Upon receiving the Motion to Compel, counsel for the Government contacted Plaintiff's counsel to advise no such RFP existed. Plaintiff's counsel responded by letter and explained Plaintiff is

> looking for information contained in the cell phone and laptop which we believe exists. It is relevant to our case and, if not obvious, at least we felt *it was implied* in our previous Requests for Production. Although we specifically did not ask for the "physical" phone itself (as it would only add additional costs for us to have it analyzed) *it seems obvious* that what we need is what is contained inside that phone, i.e. emails, text messages, corresponding names to numbers to our clients and others related to the instant matter.

ECF No. 124-2 (Feb. 24, 2015 Ltr.) (emphasis added).

The Government also argues Plaintiff's Motion to Compel is untimely. Plaintiff did not address the Government's untimeliness argument.

As an initial matter, the court agrees with the Government that this Motion to Compel is untimely and might be denied as a matter of course because it was not filed within the 21-day timeframe contemplated by Local Civil Rule 37.01 (D.S.C.). The Government produced 496

pages of records and objected to several of Plaintiff's "overbroad, unduly burdensome, and irrelevant requests" on November 14, 2014. *See* ECF No. 124 at 3. Local Rule 37.01(A) requires any motions regarding discovery to be filed within 21 days of receiving a deficient response. The Government notes it sent the production to Plaintiff's counsel by way of Federal Express, and suggests that, adding five additional days for delivery of the documents to Plaintiff's counsel, the latest that Plaintiff's motion to compel would have been due was **December 10, 2014**.

Nothing in the record indicates the exact date of "receipt" of these responses. Suffice it to say, however, that the Motion was not filed until February 23, 2015, which was well over *90 days* after the Government sent the production. Even if the court were to consider the date the Government sent the supplemental production to Plaintiff by way of overnight delivery, January 26, 2015, the motion to compel would be untimely pursuant to the Local Rule. Based on the letter from the Government's counsel sending the supplemental production (along with substantive discussion of some apparent discovery concerns raised by Plaintiff), ECF No. 121-4, Plaintiff would have received the supplemental production on January 27, 2015. Twenty-one days from that date would make the motion to compel due February 17, 2015. The Motion to Compel, ECF No. 117, was not filed until February 23, 2015. Accordingly, Plaintiff's Motion to Compel is denied as untimely.

That reason notwithstanding, in addition, the court has closely reviewed the RFPs submitted by Plaintiff and finds Plaintiff made no proper request for Kerns' telephones, Blackberries, laptops, or other electronic devices. Plaintiff has offered no compelling argument or citation to controlling authority that would somehow require an opposing party to "infer" that production of actual electronic devices was "implied" by discovery requests that include requests for production of information that may be contained in electronic format and somehow should

have been provided along with any responsive information. Such an argument does not bear further discussion.

At the March 12, 2015 hearing, counsel for the Government noted that the Government had provided information responsive to Plaintiff's requests for information from the phone/Blackberry issued to Kerns by providing detailed billing statements of his government-issued device. The Government advised that the cell phone that had been issued to Kerns "was not enabled to send text messages for the duration of [Kerns'] employment, and there are accordingly no text messages in the government's possession." ECF No. 124 at 3 n.4.

Plaintiff's counsel argued that he was aware that Kerns' device *was* text-capable, noting he had recently observed a Secret Service agent sending and receiving texts. In response, counsel for the Government advised that, while devices issued to agents may have been text-*capable* at the time Kerns was employed, the devices issued did not *enable* the text-capability until November 2012. Counsel for the Government also indicated Plaintiff had testified there had been no text messages between her and Kerns. In a Supplemental Filing, Plaintiff submitted excerpts of a government report concerning the relationship between Plaintiff and Kerns to "correct affirmations by government counsel [at the March 12, 2015 hearing] which were either not true, inaccurate or misleading to the Court." ECF No. 129 at 1. The portions of the government report to which Plaintiff points do indicate Plaintiff mentioned some texts between herself and Kerns. ECF No. 129-1. However, nothing in the information submitted suggests the Government's counsel was trying to mislead the court. The Government has advised it has no information regarding any specific text messages between Plaintiff and Kerns, as such was not possible on the device(s) the Government issued to Kerns during the relevant time period. That Plaintiff and Kerns potentially exchanged text messages (or, for that matter, telephone calls) during the

relevant time period simply is not "proof" that the text messages involved a government-issued device. In addition to its untimeliness, Plaintiff's Motion to Compel is denied on this basis also.

At the March 12, 2015 hearing, Plaintiff's counsel argued that the records concerning the government-issued phone were also deficient because they did not include the full dates on which the telephone calls were made/received. In Plaintiff's supplemental filing, she points out that the phone records produced list each telephone call and provide a month and date only, not including the year. *See* ECF No. 129-2. Some of the records produced include a "Date Due" at the top of each page that may provide context for the year the calls listed were made. *See* ECF No. 129-3. However, the court agrees with Plaintiff that for the records provided at ECF No. 129-2, it is not possible accurately to determine the year of the telephone calls.

Certainly, this is a matter easily remedied by a communication between counsel and a stipulation by Government counsel as to the year that corresponds with each month and date of the telephone records produced.

Further, counsel advised that the Government had provided responsive emails but had not provided the laptop that had been issued to Kerns itself, noting it had not been requested. At the hearing, however, counsel for the Government advised the court that a copy of the contents of the laptop that had been assigned to Kerns had been maintained. Counsel advised that, subject to appropriate date parameters, the Government was willing to provide that information to Plaintiff. Again, counsel are to communicate regarding this issue to determine what information is to be provided, and when.

### III.     The Court Will Not Consider Further Discovery Disputes

Discovery in this matter ended in September 2014. The parties, through agreement of counsel, have continued to undertake certain discovery. However, discovery continues at the

parties' "own peril," *Boling*, 2010 WL 9944254, and additional court resources will not be expended considering any additional, untimely raised disputes. The ASO permits parties, by agreement to conduct discovery up to the time of trial "provided the deadlines in this Order are not affected." ECF No. 89. Continued involvement in discovery disputes would, by definition, continue to postpone further deadlines. Scheduling orders issued in this case must mean something to parties, counsel, and the court. Scheduling orders are issued not only for orderly and timely work to be done by the attorneys and to provide a framework for deadline requirements that the parties may rely on, but also to serve the purpose of "efficient case management for the court such that the court will not be faced with discovery issues in an untimely fashion." *Campbell v. Gala Indus., Inc.*, No. CIV.A.6:04 2036 RBH, 2006 WL 1285107, at *1 (D.S.C. May 5, 2006).

As the undersigned advised counsel at the hearing, the Civil Justice Reform Act ("CJRA")[6] requires courts to resolve cases within three years of their filing, and this matter is nearing that mark.

The parties are advised that the court will not consider any future discovery disputes submitted by any party. This includes the suggestion of Plaintiff's counsel that the court "interv[ene] in a final discovery conference to rule on the contested matters of which there are several." ECF No. 129 at 3. The undersigned further notes that the subject matter of the motions recently filed by Plaintiff are not issues that should require court intervention in any event. For

---

[6] The Civil Justice Reform Act ("CJRA") "places substantial burdens on everyone involved in litigation in district courts. The CJRA requires district courts to manage litigation with a view toward reducing delay and cost in bringing cases to trial. In this regard, the CJRA sets time limits that are to be met by the trial courts for all pre-trial proceedings and ultimately trial. 28 U.S.C. § 473(a)(2)(B)." *United States v. Diamond Indust., Inc.*, 145 F.R.D. 48, 49 (D. Del. 1992); *see Choice Hotels Int'l, Inc. v. Goodwin and Boone*, 11 F.3d 469, 475 (4th Cir. 1993) (citing the CJRA and noting that "[t]rial courts are under constant pressure to dispose of the business of the court . . . and are criticized when they take too much time in disposing of cases.") (Britt, D.J., dissenting).

example, Plaintiff moved to have revised scheduling deadlines put in place because of a "misunderstanding" of a clearly articulated deadline for submitting expert disclosures and reports. Then, Plaintiff moved to compel production of electronic devices that, although not actually sought, were somehow to have been "impliedly" sought. These arguments strain credulity and are not the type of disputes the court appropriately should be required to consider.

## IV.    Conclusion

For the reasons set forth above, Plaintiff's Motion to Extend, ECF No. 110, is *granted in part and denied in part,* and Plaintiff's Motion to Compel, ECF No. 117, is *denied*. Please see the Fourth and Final Amended Scheduling Order for revised scheduling deadlines.

IT IS SO ORDERED.

March 19, 2015                                    Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge