IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Kristen Miles Anderson, | ) | |
| | ) | Civil Action No. 8:12-3203 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| The United States of America, and | ) | |
| Richard Kerns, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Kristen Miles Anderson ("Anderson") filed this action alleging several constitutional violations and state law causes of action. This matter is before the court on Anderson's objections to two orders of the magistrate judge.

**BACKGROUND**

Anderson filed a motion to extend the discovery period and to compel production of a cell phone that was issued to Defendant Richard Kerns by his former employer, the United States Secret Service. (ECF Nos. 110, 117). Anderson also filed a motion to compel production of the grand jury minutes related to the investigation of Defendant Kerns. (ECF No. 123). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., these motions were referred to a magistrate judge. By order filed March 19, 2015, the magistrate judge granted in part and denied in part the motion to extend discovery, and denied the motion to compel production of the phone. (ECF No. 134). In an order filed April 8, 2015, the magistrate judge denied the motion to produce the grand jury minutes. (ECF No. 139). Anderson has objected to both orders issued by magistrate judge. (ECF Nos. 137, 141). Defendant Kerns responded, asserting that Anderson's

1

first set of objections was untimely because it was filed more than 14 days after the order was filed and served. (ECF No. 144).

## APPLICABLE LAW

Fed. R. Civ. P. R. 72 (a) provides as follows:

> Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Accordingly, Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters, such as discovery orders. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). As a non-dispositive matter, the review of a magistrate judge's discovery order is governed by the "clearly erroneous" or "contrary to law" standard of review. *Id.* Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district court judge modify or set aside any portion of the decision. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985). "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Shoop v. Hott*, No. 08-cv-188, 2010 WL 5067567 at *2 (N.D. W. Va. Dec. 6, 2010) (citing *Detection Sys., Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y. 1982)). "Although the 'contrary to law' standard permits plenary review of legal conclusions, decisions related to

discovery disputes and scheduling are accorded greater deference." *Abdullah-Malik v. Bryant*, No. 1:14-109-RBH, 2014 WL 4635567, at *1 (D.S.C. Sept. 15, 2014) (quoting *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011)).

## DISCUSSION

As to the March 19, 2015 order (ECF No. 134), the court agrees with Defendant Kerns that Anderson failed to timely object. The order was electronically filed and served on March 19, 2015, and the objections were not filed until April 6, 2015, more than 14 days after service of the order. No motion for an extension of time to file objections was made. As noted, "[a] party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). Because the objections are untimely, Anderson waived this court's review of that order. *See, e.g.*, *Taylor v. Gainey*, 203 F. App'x 426, 427 (4th Cir. 2006) ("The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance.").

However, even if the court were to consider Anderson's untimely objections, it would still affirm the magistrate's decision. In her objections with regard to the extension of the discovery period and to compel production of the cell phone, Anderson asserts that the magistrate judge erred by denying production of a cell phone for inspection. (ECF No. 137 at 1). Anderson argues that her original request for production included the metadata of the phone, and that the court should have ordered its production. (ECF No. 137). Anderson also objects to the magistrate judge's determination that the court will not address any further unresolved discovery disputes. (ECF No. 137 at 3).

The magistrate judge declined to order production of the cell phone or its metadata for two reasons: (1) the motion to compel was untimely; and (2) Anderson did not make a proper request for production of the phone nor make a showing that Defendant Kerns sent text messages to Anderson via a government issued phone.  (ECF No. 134 at 11-15).

A review of the objections reflects no assertion or showing that the ruling of the magistrate judge on these issues was clearly erroneous or contrary to law.

The magistrate judge determined that the court would not consider further discovery disputes because discovery, per the amended scheduling order (ECF No. 89), ended in September 2014.  (ECF No. 134 at 15-17).  That scheduling order provided that: "The parties may, with the consent of all counsel, conduct discovery up to the time of trial, provided the deadlines in this Order are not affected."  (ECF No. 89 at 3).  The magistrate judge found that the amended scheduling order allows the parties to engage in discovery at their "own peril," and that further intervention by the court would impact other deadlines in the scheduling order.  (ECF No. 134 at 15-16).

Anderson has not appealed the magistrate judge's order that the discovery deadline should not be extended.  *See* (ECF No. 137).  Instead, her argument is that the court must intervene because she is "in an unbalanced and prejudiced position" with the Government.  (ECF No. 137 at 3).  As discussed by the magistrate judge, mandatory discovery in this case ended in September 2014.  As such, the Defendants are under no duty to engage in further discovery, and this court finds that the magistrate properly found that further intervention into discovery matters would affect other deadlines in the scheduling order.  However, the magistrate judge did extend the time for Anderson to file her detailed expert disclosures regarding her damages expert. (ECF No. 134 at 9).  Consistent with this ruling, the magistrate judge concluded that the only discovery

4

to be completed is that already agreed to by counsel and the depositions of the damages experts. (ECF No. 134 at 11). In this regard, with respect to these depositions, the court shall have the authority to issue any orders necessary to assure compliance with Fed. R. Civ. P. 30 and Local Rule 30.04, D.S.C., or other rules governing the conduct of depositions.

With regard to her objections to April 8, 2015 order denying her motion for production of the grand jury minutes (ECF No. 139), Anderson makes no arguments as to how the magistrate judge erred. *See* (ECF No. 141). Instead, Anderson asks this court to have a hearing, whereby she can call witnesses to support her motion. (ECF No. 141). The order of the magistrate judge found that the motion to compel production of the grand jury minutes was untimely, and even if it was timely, that it should be denied because Anderson had not made the requisite showing to obtain the grand jury minutes. (ECF No. 139). Again, a review of the objection reveals no assertion or showing that the subject order was clearly erroneous or contrary to law.

## Conclusion

Based on the foregoing, Anderson's objections (ECF No. 137, 141) to the magistrate judge's orders are without merit and the orders (ECF No. 134, 139) are **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

April 17, 2015
Anderson, South Carolina